OPINION
On January 20, 1996, Jennifer Stickney, a minor, was involved in an automobile accident wherein she was the passenger and the tortfeasor, Eric Semon, was the driver. Ms. Stickney died as a result of her injuries.
On December 2, 1996, Ms. Stickney's father, appellant, Scott A. Stickney, as Administrator of the Estate of Jennifer Stickney, Deceased, settled with the tortfeasor's insurance company for $125,000. The total settlement award was allocated to appellant.
Ms. Stickney's family was insured under two policies with appellee, State Farm Mutual Automobile Insurance Company. Each policy included uninsured/underinsured motorist coverage with limits of $100,000 each person and $300,000 each accident. Appellant, together with appellants Cynthia Stickney, surviving mother, Gina Stickney, surviving sister, and Scott Stickney, Jr., surviving brother, made claims under the two policies. Said claims were denied.
On April 25, 1997, appellants filed a complaint for declaratory judgment and uninsured/underinsured benefits. Appellants filed a motion for summary judgment on October 30, 1997. Appellee filed a cross-motion for summary judgment on November 28, 1997. By judgment entry filed January 20, 1998, the trial court granted appellee's cross-motion and denied appellants' motion.
Appellants filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE STATE FARM'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT SINCE SB 20 UNCONSTITUTIONAL UNDER ARTICLE 1, SECTION 19a OF THE OHIO CONSTITUTION BECAUSE IT LIMITS DAMAGES BY LIMITING THE NUMBER OF CLAIMS THAT CAN BE MADE.
II
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE STATE FARM'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS-APPELLANTS' MOTION FOR SUMMARY JUDGMENT BECAUSE THE SB 20 STATUTE PERMITS A CLAIM FOR PER OCCURRENCE LIMITS.
 I
Appellants claim the trial court erred in finding S.B. No. 20 constitutional as it applies to wrongful death actions. We disagree.
Appellants argue Section 19a, Article I, of the Ohio Constitution prohibits single per person limits. Said section states "[t]he amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law."
We have previously addressed this issue in Plott v. ColonialInsurance Co. (February 23, 1998), Stark App. No. 1997CA00203, unreported, wherein this court held as follows:
 Although the Ohio Supreme Court did not pass upon this issue in Beagle v. Walton (1997), 78 Ohio St.3d 59, at least one court of appeals has addressed this specific challenge in the case of Smith v. Mancino (Apr. 30, 1997), Summit App. No. 17969, unreported. In determining that R.C. 3937.44 does not violate Article I, Section 19a of the Ohio Constitution, the court first noted that the constitutional provision at issue has been held to prohibit only the enactment of laws that place a specific limitation on the amount of damages recoverable by the survivors. Id. at 3, citing Kennedy v. Byers (1923), 107 Ohio St. 90, 96; Pena v. Northeast Ohio Emergency Affiliates, Inc. (1995), 108 Ohio App.3d 96, 108.
* * *
 Based upon Chief Justice Moyer's reasoning in his dissent in Savoie [v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500], the court in Smith held that civil damages recoverable for wrongful death are not limited by R.C. 3937.44; rather the code speaks only to the contractual agreement between the tortfeasor and his or her underwriting insurance company. Smith at 4. We find neither R.C. 3937.18(H), which contains `limits of liability' language, nor R.C. 3937.44 violate Article I, Section 19a of the Ohio Constitution.
Assignment of Error I is denied.
 II
Appellants claim the trial court erred in finding the limits for liability coverage under the policies do not violate R.C.3937.18(H). We disagree.
The policies sub judice in Section III set forth the following limits for uninsured liability:
 We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.
* * *
Uninsured Motor Vehicle-means:
 1. a land motor vehicle, the ownership, maintenance or use of which is:
 a. not insured or bonded for bodily injury liability at the time of the accident; or
 b. insured or bonded for bodily injury liability at the time of the accident; but
 (1) the limits of liability are less than required by the financial responsibility act of the state where your car is mainly garaged; or
(2) the limits of liability:
 (a) are less than the limits you carry for uninsured motor vehicle coverage under this policy; or
 (b) have been reduced by payments to persons other than an insured to an amount less than the limits you
carry for uninsured motor vehicle coverage under this policy; or * * *
R.C. 3937.18(H) expressly permits the limiting language of the policies:
 (H) Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section or selected in accordance with division (C) of this section and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.
Mr. Stickney received $125,000, the limits of the tortfeasor's policy. Appellants' policies had per person limits on the uninsured/underinsured coverage of $100,000. Under the express language of the policies, appellants cannot recover any uninsured/underinsured monies.
Appellants challenge the statutory interpretation of R.C.3937.18(A)(2) and highlight the "available for payment" language of the statute which states in pertinent part:
 Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
Appellants specifically argue Savoie and Motorists Mut. Ins.Co. v. Andrews (1992), 65 Ohio St.3d 362, were not repealed by the enactment of S.B. No. 20. However, it is noted in Section 7 following R.C. 3937.18 the General Assembly's intent in enacting subsection (A)(2) was to supersede the effect of Savoie "relative to the application of underinsured motorist coverage in those situations involving accidents where the tortfeasor's bodily injury liability limits are greater than or equal to the limits of the underinsured motorist coverage."
We concur with our brethren from the Seventh District in Kingv. Western Reserve Group (December 1, 1997), Monroe App. No. 789, unreported, wherein the court analyzed the specific change in language from "sums paid" to "available for payment" as follows:
 We note that the `available for payment' language was introduced by Senate Bill 20 and that in the pre-amended version of the statute, the set off provision allowed the insurer to deduct `those amounts actually recovered.' Hence, the General Assembly has expressed its intent to expand the benefits to an insurer under the set off provision to amounts available to, but not necessarily recovered by, an insured.
Based upon the clear legislative intent of S.B. No. 20, we find the policies' limits for liability language not to be in conflict with R.C. 3937.18 et seq. and the tortfeasor sub judice
is not an underinsured motorists as to appellants.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.